IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY CORMIER, | § | |
| TDCJ #775042, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3365 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Larry Cormier (TDCJ #775042), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Cormier has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, challenging the result of a prison disciplinary conviction. The respondent has filed a motion for summary judgment, arguing that Cormier is not entitled to relief. (Docket No. 5). Cormier has not filed a response and his time to do so has expired. After reviewing all of the pleadings, the administrative records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

## I.  BACKGROUND

Cormier is presently serving a twenty-year prison sentence as the result of a felony conviction from Fayette County, Texas, for delivery of a controlled substance in cause

number 96R025.  (Docket No. 5, Exhibit A).  Cormier does not challenge his underlying conviction here.  Instead, he challenges the result of a prison disciplinary proceeding lodged against him at the Wynne Unit, in Huntsville, Texas, where he is presently confined.  The respondent has provided the administrative report and record of the investigation, as well as an audiotape of the disciplinary hearing.  (Docket No. 6).  The charged offense and the disciplinary proceedings are described briefly below.

On October 15, 2008, Cormier received notice that he was being charged in disciplinary case #20090045182, with violating prison rules by attempting to assault another offender, without a weapon, by "throwing punches through the bars on the cell door."  (Docket No. 6, TDCJ Disciplinary Report and Hearing Record).[1]  At a disciplinary hearing on October 24, 2008, Cormier entered a plea of "not guilty." After considering the charging officer's written report and her live testimony, the hearing officer found Cormier guilty as charged.  As a result of the disciplinary conviction, Cormier was placed in solitary confinement for a limited time and restricted to his cell for 30 days.  Cormier also forfeited 90 days of previously earned credit for good conduct (*i.e.*, "good-time credit").  Cormier did not challenge his conviction by filing both a Step 1 and Step 2 grievance.

---

[1]     The offense is classified as a Level 2, Code 21.0 violation of the disciplinary rule that prohibits "[f]ighting without a weapon or assaulting an offender without a weapon, which results in a non-serious injury or no injury." *See* TDCJ Disciplinary Rules and Procedures for Offenders (Rev. Jan. 2005) at 28, available at www.tdcj.state.tx.us/publications (last visited March 26, 2010).

Cormier now seeks a federal writ of habeas corpus to challenge his disciplinary conviction and he has filed a memorandum in support of his petition. (Docket Nos.1, 2). Liberally construed, Cormier complains that the disciplinary conviction violates due process because there was "no evidence" to support the charges. Cormier complains further that he was denied effective assistance of counsel at the disciplinary proceeding and that he was denied an appeal because officials "mishandled" his Step 1 grievance. The respondent argues that Cormier failed to exhaust available administrative remedies. The respondent argues further that Cormier is not entitled to relief because he fails to show that he was punished without due process.   The parties' contentions are discussed below under the standard of review that governs disciplinary proceedings in the prison context.

## II.    **PRISON DISCIPLINARY PROCEEDINGS**

### A.    **Exhaustion of Administrative Remedies**

The respondent contends that Cormier's petition must be dismissed as barred for lack of exhaustion because he did not file a grievance to appeal his conviction.  Under the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief."  *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).   The exhaustion requirement "is not

jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  *See* 28 U.S.C. § 2254(b)(1)(B).

Texas prisoners are not required to present claims concerning disciplinary convictions to the state courts in a state habeas corpus application, because those claims are not cognizable on state habeas review.  *See Ex parte Brager*, 704 S.W.2d 46, 46 (Tex. Crim. App. 1986).  Instead, Texas prisoners who challenge the result of a disciplinary conviction must seek relief through administrative channels by completing a two-step grievance process.[2]  *Id.*  In that regard, § 501.008 of the Texas Government Code requires inmates to fully exhaust the TDCJ administrative grievance process before resorting to court.  If an inmate fails to do so, his claims may be dismissed for failure to exhaust administrative remedies.  *See  Ex Parte Stokes*, 15 S.W.3d 532, 533 (Tex. Crim. App. 2000).

---

[2]     TDCJ currently provides a two-step procedure for presenting administrative grievances. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998).  In Step 1, the prisoner submits a grievance at the institutional level.  *Id.*  If the decision at Step 1 is unfavorable, Step 2 permits the prisoner to appeal "to the division grievance investigation with the . . . Texas Department of Criminal Justice." *Id.*

This proceeding is governed by 28 U.S.C. § 2254, which requires exhaustion of state court remedies.  *See, e.g., Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) ("State prisoners who allege that they were improperly denied good-conduct credit that, if restored, would have resulted in their immediate or sooner release from prison, fall under § 2254.") (citations omitted).  Although the pending habeas corpus petition attacks a prison disciplinary conviction, and not a state court judgment, there is no valid reason that the exhaustion requirement found in 28 U.S.C. § 2254(b) should not also apply where a prisoner is required to pursue the administrative grievance process.  *See Prieser v. Rodriguez*, 411 U.S. 475, 492 (1973) (pointing to the prison grievance process and noting that, because the "internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems").  For this reason, courts in this circuit have recognized that resort to the prison grievance process is required in the disciplinary conviction context.  *See, e.g., Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002) (holding that "the timely pendency of prison grievance procedures" tolls the statute of limitations for habeas corpus petitions found in 28 U.S.C. § 2244(d) because prisoners are required to pursue administrative remedies); *Foley v. Cockrell*, 222 F. Supp. 2d 826, 829 (N.D. Tex. 2002) (holding that, "[b]ecause exhaustion of administrative grievance procedures is required, Petitioner is entitled to equitable tolling of the statute of limitations until the date that he completed the TDCJ administrative review process").

The respondent has provided records of the disciplinary hearing and an affidavit from a prison administrator in charge of offender grievances.  (Docket No. 6).  In that affidavit, the administrator reports that she reviewed Cormier's grievance records from the time the charges were filed in October of 2008 to the present.  (Docket No. 6, Affidavit of Sandra K. Murphy).  Her search revealed "no records on file relating to disciplinary case #20090045182."  (*Id.*).  This shows that Cormier did not file a Step 1 or Step 2 grievance concerning the disciplinary conviction at issue.

A prisoner must complete both steps of the grievance process to satisfy the exhaustion requirement.  *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  Because Cormier did not file a Step 1 and Step 2 grievance to challenge his conviction, his claims are unexhausted and subject to dismissal under the doctrine of procedural default.

Cormier has not filed a reply to the respondent's motion for summary judgment.  He  does not otherwise dispute that he failed to exhaust his administrative remedies with respect to the above-referenced claims and he has offered no reason for his failure to present all of his claims properly in the grievance process.  As the respondent notes, it would be futile for Cormier to file additional grievances in an effort to exhaust his state administrative remedies at this late date.[3]   Because Cormier has failed to argue or

---

[3]     The Court takes judicial notice that, under the applicable TDCJ procedural rules, inmates have fifteen days to file a Step 1 grievance from the date of a complained of incident. *See* TDCJ, *Offender Orientation Handbook*, at 52, available under General Information at www.tdcj.state.tx.us (last visited March 26, 2010).  Once  a Step1 grievance is signed and

establish that an exception applies, his unexhausted claims must be dismissed as barred under the doctrine of procedural default. *See Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir. 2000). Alternatively, for reasons articulated by the respondent, Cormier fails to demonstrate that his defaulted claims have merit. The Court addresses these claims briefly below.

### B.      Due Process in the Prison Disciplinary Context

Cormier seeks a federal writ of habeas corpus to challenge a prison disciplinary conviction that resulted in a cell restriction, a temporary assignment to solitary confinement, and the loss of 90 days of good-time credit. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). The respondent argues that Cormier fails to demonstrate a valid claim because he does not show that his disciplinary conviction was entered in violation of constitutionally mandated safeguards.

---

returned to the inmate, he has fifteen additional days to appeal the result by filing a Step 2 grievance. *See id*.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). A convicted prisoner does not have a constitutional right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Likewise, the Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Absent a showing that his disciplinary conviction has implicated a constitutionally protected interest, a prisoner's due process claim depends on the existence of an interest created by state law.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). In Texas, it is well established that only those inmates who are eligible for

mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned. *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). In this case, Cormier fails to articulate a constitutional violation in connection with the disciplinary sanctions entered against him.

### 1.     Cell Restriction and Solitary Confinement

As a result of his disciplinary conviction, Cormier was temporarily assigned to solitary confinement. Thereafter, he was restricted to his cell in the general population for thirty days. According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id*. Because his temporary placement in solitary confinement and his limited cell restriction do not implicate a protected liberty interest, Cormier is not entitled to habeas corpus relief from these sanctions.

### 2.    Claims Concerning Lost Good-Time Credits

As a result of his disciplinary conviction, Cormier lost 90 days of previously earned good-time credit.  When a state creates a right to time credit for good conduct, and recognizes that its revocation is an authorized sanction for misconduct, "a prisoner's interest therein is embraced within the Fourteenth Amendment 'liberty' concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated."  *Madison*, 104 F.3d at 768 (citing *Wolff*, 418 U.S. at 557).  It appears that Cormier is eligible for mandatory supervision and, therefore, that he had a protected liberty interest in his previously earned good-time credits.  *See Teague*, 482 F.3d at 775-76 (citing *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000)).  To the extent that Cormier had a liberty interest in good-time credit accrued toward his potential early release on mandatory supervision, the revocation of those credits must comply with the minimum amount of procedural protection required under the circumstances.  *See Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985); *Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court considered the minimum level of due process required in the prison disciplinary context.  In doing so, the Supreme Court recognized that prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so."  *Id.* at 561.  Because

10

prison disciplinary hearings are "not part of a criminal prosecution," the Court reasoned that "the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556 (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)).  The minimum amount of procedural due process required for prison inmates under these circumstances includes: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action.  *See Wolff*, 418 U.S. at 563-67.

Cormier does not complain that he received insufficient notice of the charges or that he was denied a written statement of the reason for his conviction.  Likewise, Cormier does not allege that he was denied the opportunity to call witnesses or present evidence. The Court has reviewed the written records associated with disciplinary case #20090045182.  The disciplinary hearing records confirm that Cormier was afforded ample notice of the charges against him, along with an opportunity to appear and present a defense.  He was also given a written copy of the *TDCJ Disciplinary Report and Hearing Record* detailing the reasons for his conviction.  Accordingly, Cormier fails to demonstrate that he was denied the minimum level of procedural due process as dictated by the Supreme Court in *Wolff*, 418 U.S. at 563-67.

### 3.      Sufficiency of the Evidence

Cormier claims that his disciplinary conviction violates the constitution because there was "no evidence" to support the charges.  In addition to the procedural safeguards articulated in *Wolff*, disciplinary sanctions imposed by prison officials must be supported by "some evidence" to be consistent with due process.  *See Hill*, 472 U.S. at 457; *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001).  It is well settled, however, that "federal courts cannot retry every prison disciplinary dispute; rather the court may act only where arbitrary or capricious action is shown."  *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).  In other words, when reviewing a prison disciplinary decision, "the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion."  *Smith v. Rabalais*, 659 F.2d 539, 543 (5th Cir. Unit A 1981); *see also Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995); *Turner v. Johnson*, 46 F. Supp. 2d 655, 660 (S.D. Tex. 1999).  To satisfy the Due Process Clause in the context of prison disciplinary proceedings "requires only that there be some evidence to support the findings made in the disciplinary hearing."  *Hill*, 472 U.S. at 457.  "The goal of this standard ─  variously a 'modicum of evidence,' 'any evidence,' or 'some evidence' ─ is to balance the need to prevent arbitrary deprivation of protected liberty interests with the need to acknowledge institutional interests and avoid administrative burdens."  *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001) (citing *Hill*, 472 U.S. at 455).  Thus, federal habeas corpus courts "do not assess the weight of the evidence" when reviewing prison disciplinary proceedings, and need only examine

whether the guilty finding has the "support of 'some facts' or 'any evidence at all.'" *Hudson*, 242 F.3d at 537.

As noted above, Cormier was charged with attempting to assault another offender, without a weapon, by "throwing punches through the bars on the cell door." (Docket No. 6, TDCJ Disciplinary Report and Hearing Record). The record shows that, in addition to providing a written report of the incident, the charging officer testified at the disciplinary hearing that she saw Cormier throw punches at Inmate Perry Mahaffey (TDCJ #1441043) through the bars of his cell door. The charging officer also saw Cormier try to throw an unidentified liquid on Mahaffey. When Cormier's counsel substitute cross-examined her, the charging officer confirmed that she clearly saw Cormier attempt to assault Mahaffey. The written offense report and testimony from a charging officer is more than sufficient evidence to sustain the disciplinary conviction in this instance. *See Hudson*, 242 F.3d at 537 (finding that the offense report, standing alone, meets the "some evidence" standard).

Although Cormier disputes the charging officer's account, a federal habeas corpus court may not weigh evidence when reviewing a prison disciplinary proceeding. *See Hill*, 472 U.S. at 455; *Hudson*, 242 F.3d at 537. Because there was sufficient evidence to support the guilty finding, this Court must defer to the disciplinary hearing officer. *See Hudson*, 242 F.3d at 537. Cormier has not demonstrated that he was denied due process or that the challenged disciplinary conviction fails for lack of sufficient evidence. Accordingly, Cormier is not entitled to relief on this issue.

13

### 4.      Ineffective Assistance of Counsel

Cormier complains that his disciplinary conviction is invalid because he was denied his right to effective assistance of counsel.  The Supreme Court has recognized that the Sixth Amendment guarantees criminal defendants the right to have the assistance of counsel at trial.  *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).  It is well established, however, that claims for ineffective assistance of counsel are dependent upon the right to counsel.  *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (per curiam) (holding that absent a constitutional right to counsel, there can be no deprivation of the right to effective assistance of counsel); *United States v. Palomo*, 80 F.3d 138, 141 n.5 (5th Cir. 1996) (citations omitted) (same).  Inmates have no right to retained or appointed counsel at prison disciplinary proceedings.  *See Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976).

The record reflects that Cormier had the assistance of a counsel substitute at his disciplinary proceeding.  He does not allege specific facts showing that his counsel substitute was deficient.  More importantly, because Cormier had no right to counsel at his disciplinary proceeding, his ineffective-assistance claim fails as a matter of law.

### 5.      Right to Appeal

Cormier complains that he was denied the right to appeal because prison officials "mishandled" his Step 1 grievance.  The record reflects that Cormier did not file any grievances concerning his disciplinary conviction in case #20090045182.  (Docket No. 6, Affidavit of Sandra K. Murphy).  Cormier does not show otherwise and he has not

alleged specific facts in support of his claim.  Absent evidence in the record, a federal habeas corpus court cannot consider a petitioner's "bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (citing *Woodard v. Beto*, 447 F.2d 103 (5th Cir.), *cert. denied*, 404 U.S. 957 (1971)). The Fifth Circuit has repeatedly emphasized that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Ross*, 694 F.2d at 1012 (citing *Schlang v. Heard*, 691 F.2d 796, 798 (5th Cir. 1982) (collecting cases)).  Based on this record, which does not otherwise disclose a constitutional violation in connection with the disciplinary conviction, Cormier fails to show that he was denied his right to appeal.  Because Cormier has failed to articulate a valid claim, the respondent is entitled to summary judgment and the petition must be dismissed.

## III.   CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the

court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that jurists of reason would not debate whether the petitioner has stated a valid claim or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

16

IV.   **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1.      The respondent's motion for summary judgment (Docket No. 5) is **GRANTED**.

2.      The habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

3.      A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas this 30th day of March, 2010.

_____
Kenneth M. Hoyt
United States District Judge